IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CAUSE OF ACTION,<br>2100 M Street N.W., Suite 170-247<br>Washington, D.C. 20037,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES<br>200 Independence Avenue S.W<br>Washington, D.C. 20201-0004,<br><br>OFFICE OF RESEARCH INTEGRITY<br>1101 Wootton Parkway, Suite 750<br>Rockville, MD 20852<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Cause of Action, formerly Freedom Through Justice Foundation, ("Plaintiff") brings this action against the Department of Health and Human Services (henceforth HHS) and the Office of Research Integrity (henceforth ORI) ("Defendants") to compel compliance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552 (a)(4)(B).

2.      This Court has the authority to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

3.      This court has the authority to award costs and attorney's fees under 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

4.      Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e), because the Defendant ORI reside in this district and a substantial part of the events and omissions which gave rise to this action occurred in this district. Venue is also proper under 5 U.S.C. § 552 (a)(4)(B).

## PARTIES

5.      Plaintiff is a non-profit, non-partisan public interest organization that uses public advocacy and legal reform strategies to ensure greater transparency in government and protect taxpayer interests and economic freedom.  In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal government agencies, entities, and offices, and disseminates its findings to the public.  Cause of Action is a Delaware Corporation that has its principal place of business in the District of Columbia.

6.      Defendant HHS  is a Cabinet department of the United States government with the goal of protecting the health of all Americans and providing essential human services. HHS is an agency of the United States of America within the meaning of 5 U.S.C. §552(f)(1) and 5 U.S.C. §702.

7.      Defendant ORI is a component of the Office of the Assistant Secretary of Health, and an agency of the United States of America within the meaning of 5 U.S.C. §552(f)(1) and 5 U.S.C. §702.

## STATEMENT OF FACTS

8.      Dr. Linda Buck is a neuroscientist now working at the Fred Hutchinson Cancer Research Center. On April 12, 2005, Buck along with other authors, published the article "Odor Maps in the Olfactory

Cortex" in *Proceedings of the National Academy of Sciences*.  On March 10, 2006 she and others

published "Combinatorial Effects of Odorant Mixes in Olfactory Cortex" in *Science* magazine. Both

articles were subsequently retracted after the results proved to be irreproducible.

9.      On August 30, 2011, Cause of Action, then known as Freedom Through Justice Foundation,

requested from ORI the following documents:

   i.  All records between ORI and Harvard Medical School pertaining to investigation of Dr.

      Linda Buck's retraction, including the recommendation of forming a committee and any

      suggested guidelines for that committee.

   ii.  All records concerning the results of investigations into the scientific integrity of Dr. Linda

      Buck's research.

   iii.  Copies of any other requests for information made by outside groups through FOIA

      regarding this matter.

10.     The documents were requested in accordance with 5 U.S.C. § 552, also known as the Freedom of

Information Act ("FOIA").

11.     In its August 30, 2011 request, Cause of Action also requested a complete waiver of all fees

associated with this request.

12.     Cause of Action intends to review the documents and use the information from them to create

new and distinct editorial content for public consumption in order to serve the public interest and inform

the citizenry about actual or alleged government activity.

13.     By letter dated September 26, 2011, HHS's Division of FOIA Services informed Cause of

Action that it would not be fulfilling Cause of Action's request within the twenty (20) day limit allowed

by law or within the additional ten (10) day extension provided by statute.

14.    As of October 19, 2011, ORI had not fulfilled Cause of Action's FOIA request.

15.    On October 19, 2011, Cause of Action sent a letter to William B. Schultz, General Counsel for HHS, informing him of ORI's failure to fulfill Cause of Action's FOIA request within the twenty (20) day limit required by 5 U.S.C. § 522(6)(A)(i).

16.    On October 20, 2011, Carol Maloney, Director of the HHS Division of FOIA Services, sent a FOIA response to Cause of Action which purportedly fulfilled item 3 of the request only.

17.    In her October 20, 2011 letter, Maloney claimed that the documents requested in items 1 and 2 of the request were exempt under FOIA exemptions (b)(6) and/or (b)(7)(C) and refused to either confirm or deny the existence of documents responsive to the request. Maloney instructed Cause of Action that in order to appeal the determination, they should direct their appeal to Bill Hall, Director of the Office of the Assistant Secretary for Public Affairs within HHS.

18.    On November 19, 2011, Cause of Action filed an appeal with Mr. Hall in accordance with all HHS procedures for filing appeals of FOIA determinations.

19.    On November 29, 2011, the HHS Division of FOIA Services sent Cause of Action a letter acknowledging receipt of the appeal.

20.    On March 2, 2012, HHS denied Cause of Action's appeal, once again neither confirming nor denying the existence of the requested documents and refusing to provide index of the withheld documents pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

21.    Cause of Action is entitled to the records requested in its August 30, 2011 FOIA request, as well as litigation costs and attorney's fees expended in connection with this suit.

22.    Defendants have no legal basis for failing to provide Plaintiff with a full and complete response to its FOIA request.

23.    Plaintiff seeks a court order requiring Defendants to produce immediately the documents sought in the September 9, 2011 FOIA request, as well as other appropriate relief.

## CAUSES OF ACTION

### Count I: Violation of the Freedom of Information Act

24.    Plaintiff repeats the allegations in paragraphs 1 through 21.

25.    Defendants' failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated thereunder.

26.    Plaintiff is irreparably harmed by Defendants' unlawful withholding of the requested records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform its conduct to the requirements of the law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this court:

i.    Enter an Order:

  a. declaring that Defendants have wrongfully withheld the requested agency records;

  b. directing Defendants to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; and

  c. directing Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

ii.    Maintain jurisdiction over this action until both Defendants are in compliance with FOIA and every other order of this Court;

iii.  Enter an Order declaring that Plaintiff is entitled to a full fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii) for Plaintiff's FOIA request, to the extent that Defendants do not provide a full fee waiver for Plaintiff's request;

iv.  Award Plaintiff its attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.  Grant such additional and further relief to which Plaintiff may be entitled.

Dated: March 26, 2012

Respectfully submitted,

CAUSE OF ACTION

Daniel Z. Epstein

Counsel for Plaintiff
U.S. District of Maryland Bar No. 18344
2100 M Street N.W., Suite 170-247
Washington, D.C. 20037
202-507-5880